**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

PAIGE MINOR,

   Plaintiff                               CASE NO.:

-VS-

FMS INVESTMENT CORPORATION,

   Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, PAIGE MINOR, by and through the undersigned counsel, and sues Defendant, FMS INVESTMENT CORPORATION, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like Defendant, from invading American citizen's privacy and to prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably

intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     The alleged violations described herein occurred in Lowndes County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2),

as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person, and citizen of the State of Georgia, residing in the city of Valdosta, located in Lowndes County.

9.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant is a corporation which was formed in Maryland with its principal place of business located at 1701 W Golf Rd, Ste 150, Rolling Meadows, Illinois, 60008, and which regularly conducts business in the State of Georgia through its registered agent CT Corporation System, 289 S Culver St, Lawrenceville GA 30046.

11.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (229) ***-0040, and was the called party and recipient of Defendant's calls hereinafter described calls.

12.     Defendant placed an exorbitant number of calls to Plaintiff's cellular telephone (229) ***-0040 in an attempt to collect on a student loan.

13.     On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

14.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using

a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, and because when she answered a call from the Defendant she would hear either an extended pause before a representative would come on the line, or a pre-recorded message instructing her to hold the line for the next available agent/representative.

15.     In or about July of 2017, Plaintiff answered a call from Defendant to her aforementioned cellular telephone number, met with an automated message, held the line and was eventually connected to a live representative, and informed an agent/representative of Defendant that she did not have a job to pay them and that the calls to her cellular phone were harassing, and demanded that they cease calling her aforementioned cellular telephone number.

16.     During the aforementioned phone call with Defendant in or about July of 2017, Plaintiff unequivocally revoked any express consent Defendant had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

17.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

18.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

19.    Additionally, in or about August of 2017, due to continued automated calls to her aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that she had previously informed them not to call her cellular phone, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

20.    Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call her aforementioned cellular telephone number

21.    Defendant has placed approximately two-hundred (200) calls to Plaintiff's aforementioned cellular telephone number. Due to the volume and time period over which she received automated calls, Claimant was not able to properly catalogue each and every call received from Respondent; thus, the exact number of calls will be established after a thorough review of Respondent's records.

22.    Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiff's cellular telephone in this case.

23.    Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular

telephone in this case, with no way for the consumer, or Defendant, to remove the number.

24.     Defendant's corporate policy is structured so as to continue to call individuals like, Plaintiff; despite these individuals explaining to Defendant they wish for the calls to stop.

25.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

26.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

27.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

28.     Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

29.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called

30.     None of the Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

32.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

33.     From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

34.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services

38.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, annoyance and emotional disturbance.

## COUNT I
### (Violation of the TCPA)

39.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

41.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, PAIGE MINOR, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FMS INVESTMENT CORPORATION, for statutory damages, punitive damages, actual damages, treble

damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/*Octavio Gomez*
Octavio Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
TGomez@forthepeople.com
JNeal@forthepeople.com
MMartinez@ForThePeople.com
*Attorney for Plaintiff*